UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
UNITED STATES OF AMERICA,

                             Plaintiff,

              - against -

GILBERT H. WASHINGTON,
FLORENCE E. WASHINGTON,

                            Defendants.

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 2149 (BMC)

---------------------------------------------------------- X

**COGAN**, District Judge.

Before me is plaintiff's motion for entry of default judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

The government brought this action against defendants pursuant to 26 U.S.C. § 7401, seeking to reduce to judgment defendants' outstanding liabilities, plus interest and statutory accruals, for their failure to pay (1) federal income tax liabilities for tax year 1995; and (2) trust fund recovery penalties in connection with their failure to collect, truthfully account for, or pay over the withholding taxes of the employees of Craftsmen Electrical Co., Inc. ("Craftsmen").

The government commenced this action by filing a Summons and Complaint on May 11, 2010, and served defendants with a copy on May 12, 2010. The government filed proof of service with the Court on June 9, 2010. Defendants have not answered or appeared and the time to do so has expired. On June 15, 2010, the Clerk of the Court entered default against the defendants pursuant to Fed. R. Civ. P. 55.

## DISCUSSION

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "Rule 55(b)(2) provides that when granting a default judgment, if 'it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence...the court may conduct such hearings or order such references as it deems necessary and proper.'" Id. at 154 (quoting Fed. R. Civ. P. 55(b)(2)). The Second Circuit has held that as long as a district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

The government has submitted the Declaration of Andrew Barone, Technical Service Advisor with the Internal Revenue Service ("IRS"), in support of its Motion for Default Judgment. Included in Barone's Declaration is a chart detailing the unpaid tax assessments, plus any interest and penalties, owed by defendants. "In general, a government tax assessment is entitled to a presumption of correctness." United States v. McCombs, 30 F.3d 310, 318 (2d Cir. 1994); see also United States v. Letscher, 83 F. Supp. 2d 367, 372 (S.D.N.Y. 1999) (citing cases). A taxpayer has "the burdens of both production and of persuasion" in proving by a preponderance of the evidence that the deficiency is incorrect. McCombs, 30 F.3d at 318; Moretti v. Comm'r of Internal Revenue, 77 F.3d 637, 643 (2d Cir. 1996).

The IRS made an assessment in 1997 for the federal income tax liabilities owed by defendants for tax year 1995. The IRS made assessments on October 7, 1985, February 17, 1986, March 10, 1995, and June 22, 2001, against Gilbert H. Washington for unpaid trust fund recovery penalties related to the employee taxes of Craftsmen for the quarterly tax periods September 30, 1984, December 31, 1984, March 31, 1985, June 30, 1985, December 31, 1991, June 30, 1992, September 30, 1992, June 30, 1993, December 31, 1993, March 31, 1994, June 30, 1994, September 30, 1994, and December 31, 1994. It also made assessments on March 10, 1995 and June 22, 2001, against Florence E. Washington for unpaid trust fund recovery penalties related to the employee taxes of Craftsmen for the quarterly tax periods December 31, 1991, June 30, 1992, September 30, 1992, June 30, 1993, December 31, 1993, March 31, 1994, June 30, 1994, September 30, 1994, and December 31, 1994. The defendants were sent notices of their respective assessments on or about the dates of the assessments.

Defendants have failed to respond to the complaint and have not challenged these assessments. Accordingly, this Court finds that the amount of outstanding tax deficiencies asserted by the government, are presumed to be correct. This Court therefore directs entry of judgment for plaintiff, plus interest and statutory accruals pursuant to 26 U.S.C. §§ 6601, 6621, 6622, 6332, and 28 U.S.C. § 1961(c), as follows:

(a) Gilbert H. Washington and Florence E. Washington, jointly and severally, for income tax liabilities for the 1995 tax year, in the total amount of **$11,763.65**, plus interest and statutory accruals from April 5, 2010, until this judgment is fully paid;

(b) Gilbert H. Washington, individually, for trust fund recovery penalties for the September 30, 1984, December 31, 1984, March 31, 1985, June 30, 1985, December 31, 1991, June 30, 1992, September 30, 1992, June 30, 1993, December 31, 1993, March 31, 1994, June 30, 1994, September 30, 1994, and December 31, 1994 tax periods in the amount of **$1,280,999.38**, plus interest and statutory accruals from May 3, 2010, until this judgment is fully paid;

(c)     Florence E. Washington, individually, for trust fund recovery penalties for the December 31, 1991, June 30, 1992, September 30, 1992, June 30, 1993, December 31, 1993, March 31, 1994, June 30, 1994, September 30, 1994, and December 31, 1994 tax periods, in the amount of **$734,347.40**, plus interest and statutory accruals from May 3, 2010, until this judgment is fully paid.

## CONCLUSION

The motion for a default judgment is granted. The Clerk is directed to enter judgment as provided above.

**SO ORDERED.**

                                              s/Hon. Brian M. Cogan
                                                        U.S.D.J.

Dated: Brooklyn, New York
       June 24, 2010